**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| REBECCA L. MASON, | ) | NO. EDCV 11-0199-SS |
|          Plaintiff, | ) | |
|     v. | ) | **MEMORANDUM DECISION AND ORDER** |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) | |
|          Defendant. | ) | |

**I.**

**INTRODUCTION**

Rebecca L. Mason ("Plaintiff") brings this action seeking to overturn the decision by the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying her application for Disability Insurance Benefits ("DIB"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Agency is REVERSED and REMANDED for further proceedings.

## II.

## PROCEDURAL HISTORY

Plaintiff filed an application for DIB on March 12, 2008. (Administrative Record ("AR") 80-85). She alleged a disability onset date of July 2, 2005 (AR 80), due to "back, hand and foot pain." (AR 90). The Agency denied this claim on May 8, 2008. (AR 30). Her claim was reconsidered, and subsequently denied on July 28, 2008. (AR 31). Plaintiff requested a hearing (AR 41), which was held on November 25, 2009 before an Administrative Law Judge ("ALJ"). (AR 29). Plaintiff attended with counsel and testified. (AR 15). On January 8, 2010, the ALJ denied benefits. (AR 9-14). Subsequently, Plaintiff submitted additional records concerning her alleged disabilities to the Appeals Council, which denied her request for review on December 3, 2010 (AR 1), making the ALJ decision the final decision of the Agency. On February 1, 2011, Plaintiff commenced the instant action.

## III.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

2

U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does the claimant's impairment meet or equal one of a list of specific impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five.

> (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The Commissioner may do so by the testimony of a VE or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a VE. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

\\
\\
\\
\\

# IV.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." (Id.). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

\\
\\
\\
\\
\\
\\
\\

5

**V.**

**DISCUSSION**

Plaintiff contends that the ALJ erred because 1) he failed to properly consider all relevant evidence, including evidence submitted after the hearing decision but before the Appeals Council's decision; 2) he failed to provide clear and convincing reasons for rejecting Plaintiff's testimony; and 3) the ALJ improperly found that Plaintiff could perform her past relevant work. (See Complaint at 2-15). The Court agrees with Plaintiff's contentions. Remand is required.

**A.   Remand Is Required For The ALJ To Consider Medical Evidence Presented To The Appeals Council Because The Appeals Council Failed To Provide Specific, Legitimate Reasons For Rejecting The Evidence**

As noted above, additional relevant evidence was not before the ALJ. Rather, it was submitted to the Appeals Council after the ALJ's denial of benefits. This Court considers, however, the materials submitted to and considered by the Appeals Council in its determination of whether to grant a request for review. Lingenfelter v. Astrue, 504 F.3d 1028, 1030 n.2 (9th Cir. 2007); Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993). The Appeals Council shall consider additional evidence when it relates to the period on or before the date of the ALJ's hearing decision. 20 C.F.R. § 404.970(b). In order to reject such additional evidence, the Appeals Council must point to specific, legitimate reasons based on substantial evidence in the record. See Ramirez, 8 F.3d at 1453-54.

Here, Plaintiff submitted records to the Appeals Council pertaining to impairments in her right foot (AR 311-402, 408) as well as a disability certificate from Dr. Kenneth Toy after the ALJ's hearing decision. (AR 446). The Appeals Council merely stated that this evidence "does not provide a basis for changing the [ALJ's] decision." (AR 2). This declaration is not sufficient to meet the burden of specific, legitimate reasons based on substantial evidence in the record. See Ramirez, 8 F.3d at 1453-54. Therefore, the Appeals Council erred by not providing specific, legitimate reasons for rejecting Plaintiff's additional medical records. On remand, the ALJ must consider all relevant evidence, including the evidence submitted to the Appeals Council concerning Plaintiff's right foot impairment. Furthermore, the ALJ must also consider Dr. Toy's opinion. Barry v. Shalala, 885 F. Supp. 1224, 1251 n.45 (N.D. Iowa 1995) (holding that while a chiropractor's opinion may be entitled to less weight, it still must be considered before denying benefits).

**B.     The Record Does Not Support A Finding That Plaintiff Can Perform Her Past Relevant Work**

Past relevant work is "work that [a claimant has] done within the past 15 years, which was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. §§ 404.1560(b)(1) and 416.960(b)(1). Substantial gainful activity is defined as "work activity that involves doing significant physical or mental activities . . . that [a claimant does] for pay or profit." 20 C.F.R. §§ 404.1572 and 416.972. A presumption that a person engaged in substantial gainful activity is achieved if that person's average

monthly income exceeded $500 per month for any period between 1990 and June 1999.  20 C.F.R. §§ 404.1574 and 416.974.  However, earnings alone is not dispositive and other factors may rebut the presumption, such as "the time spent working, quality of a [claimant's] performance, special working conditions, and the possibility of self-employment."  Katz v. Sec. of Health and Human Servs., 972 F.2d 290, 293 (9th Cir. 1992).

Here, the ALJ determined that Plaintiff could perform her past relevant work of chore worker and recreational specialist.  (AR 13-14).  However, the Agency concedes that Plaintiff's position as a chore worker does not qualify as past relevant work because she did not earn enough income for it to be substantial gainful activity.  (Memorandum in Support of Answer ("Answer") at 8-9).

Although Plaintiff's position as a recreational specialist job appears to have resulted in substantial gainful activity, at least in 1994 and 1995, it does not appear that Plaintiff could perform the job considering her RFC limitations.  Specifically, there are conflicting requirements in the record relating to the position.  While Plaintiff reported that the job required her be on her feet for two hours out of a four hour day and lift only ten pounds (AR 119), she also stated in another report that the same position required her to be on her feet four hours a day, with occasional lifting of case files weighing up to fifty pounds.  (AR 92).  If the recreational specialist job required Plaintiff to occasionally lift fifty pounds and stand for the majority of her work day, she would be unable to perform it considering ALJ's determination that she could perform only "light work."  (AR 12); 20 C.F.R. 404.1567(b).  Accordingly, remand is required.

**C.** **The ALJ Failed To Provide Clear And Convincing Reasons To Reject Plaintiff's Subjective Testimony**

If the ALJ rejects Plaintiff's testimony, he must specify the testimony he rejects and provide "clear and convincing" reasons supported by substantial evidence in the record. See Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). However, the ALJ did not clearly identify the testimony he rejected, nor did he support his finding with clear and convincing reasons based upon record evidence. While the ALJ found that Plaintiff's daily activities were inconsistent with her complaints of pain (AR 12), he did not specify which daily activities were inconsistent with Plaintiff's testimony nor how those activities were inconsistent with Plaintiff's subjective complaints. Therefore, the ALJ's rejection of Plaintiff's testimony, as well as the Appeals Council subsequent affirmation, was not proper. For the reasons discussed above, remand is required.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

9

## VIII.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g),[2] IT IS ORDERED that judgment be entered REVERSING and REMANDING the decision of the Agency for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 18, 2011.

_____/S/_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**

---

[2] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."